IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:19-cv-00353-MR-WCM

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **APPROXIMATELY $2,416.00 IN U.S. CURRENCY seized from Jeffery Watson on June 5, 2019 in Swain County, North Carolina,** | ) ) ) ) |
| | ) |
| and | ) |
| | ) |
| **REAL PROPERTY LOCATED AT 255 SHERRILL ROAD, BRYSON CITY, NORTH CAROLINA, and more particularly described in a document at Book 196, Pages 217-219 in the office of the Register of Deeds for Swain County, North Carolina,** | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## **DEFAULT JUDGMENT**

**THIS MATTER** is before the Court on the Government's Motion for

Default Judgment of Forfeiture. [Doc. 7].

Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the

Court enter a Default Judgment of Forfeiture with respect to the $2,416.00 in

United States Currency ("the Defendant Currency") and the real property located at 255 Sherrill Road, Bryson City, North Carolina ("the Defendant Property"), both identified in the Government's First Amended Complaint [Doc. 3].

## I. FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2011); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, all of the factual allegations in the Government's First Amended Verified Complaint [Doc. 3] are deemed admitted as true. The following is a recitation of the relevant, admitted facts.

Jeffery Watson is the owner of the Defendant Property, a single-family home located at 255 Sherrill Road, Bryson City, NC 28713. [Doc. 3 at ¶ 9].[1] Mr. Watson is unemployed. [Id.]. For several years, the Swain County Sheriff's Office received complaints of drug activity occurring at the Defendant Property. [Id. at ¶ 10]. The Defendant Property is located

---

[1] Based upon a title report obtained by the Marshals Service, there is no mortgage on the Defendant Property.

directly across the street from a church and is also near Swain County High School. [Id. at ¶¶ 11-12]. Members of the church have complained to law enforcement about drug activity occurring at the Defendant Property. [Id. at ¶ 11. On October 28, 2019, Swain County High School was placed into a lockdown when three individuals, one of whom appeared to have a firearm, cut through the school campus to access a path to the Defendant Property. [Id. at ¶ 12]. Law enforcement located these individuals later that same day at the Defendant Property. [Id.].

On October 28, 2016, November 4, 2016, and June 6, 2016, Mr. Watson sold quantities ranging from .67 grams to 1.55 grams of methamphetamine to a Confidential Source ("CS") at the Defendant Property. [Id. at ¶¶ 13-15]. On June 5, 2019, after responding to a 911 phone call at Mr. Watson's residence, law enforcement applied for and obtained a search warrant to search the Defendant Property. [Id. at ¶ 16].

On June 5, 2019, prior to the execution of the search warrant, DEA TFO Brian Leopard advised Mr. Watson of his Miranda rights, and asked Mr. Watson if he would be willing to speak with him. [Id. at ¶ 17]. Mr. Watson agreed. [Id.]. Mr. Watson was advised that law enforcement had received many complaints about the amount of traffic coming and going from the Defendant Property. [Id.]. DEA TFO Leopard also advised Mr. Watson

3

that there had been controlled purchases of methamphetamine at the Defendant Property. [Id.]. Mr. Watson was asked whether he would be willing to tell the officers where he was keeping any drugs that he had. [Id.]. Mr. Watson indicated that the other individuals who were present at the house during the 911 call had nothing to do with "what he had," and he informed DEA TFO Leopard that his methamphetamine was in a Pringles can on the kitchen table. [Id.].

On June 5, 2019, during the execution of the search warrant at the Defendant Property, approximately 21 grams of methamphetamine were found, along with various items of drug paraphernalia, including digital scales, plastic baggies, a water bong pipe, a loaded syringe, a multi-colored marijuana pipe, a ledger, and assorted prescription pills. [Id. at ¶ 18]. Additionally, an Interarms .38 caliber handgun was also found at the Defendant Property. [Id.]. The Defendant Currency was also seized at the Defendant Property during the execution of the search warrant on June 5, 2019. [Id.]. Mr. Watson was arrested and charged with various state drug offenses. [Id.].

After these events occurred, Mr. Watson continued to sell drugs at the Defendant Property. On November 20, 2019, Mr. Watson sold approximately .5 grams of methamphetamine to a CS at the Defendant

4

Property. [Id. at ¶ 19]. On November 26, 2019, Mr. Watson sold approximately 1 gram of methamphetamine to a CS at the Defendant Property. [Id. at ¶ 20]. On December 2, 2019, Mr. Watson sold approximately 1 gram of methamphetamine to a CS at the Defendant Property. [Id. at ¶ 21]. While the CS was at the Defendant Property, two other individuals were observed purchasing methamphetamine from Mr. Watson. [Id.].

On December 2, 2019, law enforcement executed a search warrant at the Defendant Property. Among other things, law enforcement located approximately 16 grams of crystal methamphetamine in a sleeping bag in Mr. Watson's bed. [Id. at ¶ 22]. Mr. Watson was again arrested and charged with various state drug offenses. [Id. at ¶ 24].

## II.     PROCEDURAL BACKGROUND

On December 20, 2019, the Government filed a Verified Complaint for Forfeiture In Rem, alleging that the Defendant Currency seized from Jeffery Watson on or about June 5, 2019, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6), and the Defendant Property is subject to civil forfeiture under 21 U.S.C. § 881(a)(7). [Doc. 1]. The same day the Complaint was filed, the Clerk issued a Warrant of Arrest In Rem for the Defendant Currency. [Doc. 2].

On January 10, 2020, the Government filed a First Amended Verified Complaint for Forfeiture In Rem to correct a scrivener's error in the Complaint. [Doc. 3]. After the Government filed its First Amended Complaint, in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Government provided direct notice of this action to known potential claimants. Specifically, on January 10, 2020, the Government mailed notice and a copy of the Amended Complaint to Jeffery Watson, Mr. Watson's attorney,[2] and Michael Watkins[3] at their address of record. These direct notice packages were successfully delivered.

Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency and Defendant Property by publishing notice via www.forfeiture.gov from January 15, 2020, until February 13, 2020. [Doc. 4]. Finally, on March 9, 2020, in accordance with 18 U.S.C.

---

[2] Mr. Watson identified Nathan Earwood, Esq. as his attorney on the administrative claim form he submitted regarding the Defendant Currency. Accordingly, the Government mailed notice to Mr. Earwood.

[3] Records from Swain County indicate that on January 3, 2020, after the Government filed its original Complaint, Jeffery Watson signed a general warranty deed, purporting to transfer the property to Michael Watkins. The deed also provided that Mr. Watson retained a life estate interest in the Defendant Property. The Government provided direct notice to Michael Watkins.

6

985(c)(1)(B), the Government, through the United States Marshals Service, posted a copy of the Amended Complaint at the Defendant Property. [See Doc. 5-1].

During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency or the Defendant Property. On April 21, 2020, pursuant to Fed. R. Civ. P. 55(a), the Government filed a motion for entry of default [Doc. 5], and on April 22, 2022, the Clerk entered default. [See Doc. 6]. The Government then filed the present motion for default judgment.

## III. DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 et seq. See 21

7

U.S.C. § 881(a)(6). The Government may seek forfeiture of real property if it was "used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation" the Controlled Substances Act. 21 U.S.C. § 881(a)(7). If the Government meets its burden, the burden then shifts to the claimant to show by a preponderance of the evidence that he or she is an "innocent owner" of the property as defined by 18 U.S.C. § 983(d).

To establish that real property is forfeitable because it "facilitated" an illegal drug transaction, the Government must prove that "there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); see also United States v. 1585 Amherst Road, No. 1:14-cv-136-MR-DLH, 2016 WL 815298, at *3 (W.D.N.C. Feb. 29, 2016) (Reidinger, J.). "Under this standard, 'the property either must be used or intended to be used to commit a crime, or must facilitate the commission of a crime. At a minimum, the property must have more than an incidental or fortuitous connection to criminal activity.'" United Sates v. 400 Roper Street, No. 1:10-cv-18, 2011 WL 2457876, at *4 (W.D.N.C. June 6, 2011) (Reidinger, J.) (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)). The Fourth Circuit has explained that a substantial connection may be established by showing that use of the property made "the prohibited conduct

less difficult or more or less free from obstruction or hindrance." Schifferli, 895 F.2d at 990-91 (internal quotation marks omitted).

Based upon the allegations of the Government's Verified First Amended Complaint—which are deemed admitted as true—the Government has satisfied its burden of showing that the Defendant Currency and Defendant Property are subject to forfeiture. The undisputed facts demonstrate that for many years the Defendant Property was the site of numerous illegal drug transactions. Additionally, drugs and drug paraphernalia (including a ledger, digital scales, and plastic baggies) were located at the Defendant Property. The Defendant Currency was also seized from the Defendant Property, and Mr. Watson has no legitimate employment that could account for this currency.

To be sure, property records indicate that after the Government filed its original Complaint, Jeffery Watson signed a general warranty deed, purporting to transfer the Defendant Property to Michael Watkins. This, however, is of no moment. The Government's interest in the Defendant Property vested at the time of the commission of the unlawful acts giving rise to forfeiture, and there is no indication that Mr. Watkins qualifies as an "innocent owner" of the property as defined by 18 U.S.C. § 983(d).

Furthermore, the Government provided direct notice to Michael Watkins, and he did not file a claim contesting the forfeiture.

Based upon the foregoing facts and all other allegations in the Government's First Amended Verified Complaint, the Court finds that the Government has satisfied its burden of establishing that the Defendant Property and Defendant Currency are forfeitable. Additionally, the Court finds that the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4) and 18 U.S.C. 985(c)(1)(B). Accord United States v. 47 West Oakview Road, No. 1:10-cv-88, 2011 WL 304972, at *1-2 (W.D.N.C. Jan. 28, 2011) (Reidinger, J.) (granting motion for default judgment in civil forfeiture real property case). No individual or entity has timely filed a claim to either the Defendant Property or the Defendant Currency. After careful review, the Court finds that the Government has established that default judgment is appropriate.

## IV.     JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture [Doc. 7] is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the

10

Case 1:19-cv-00353-MR-WCM    Document 9    Filed 05/11/20    Page 10 of 11

United States against all persons and entities with respect to the following defendant properties:

1) $2,416.00 in U.S. Currency seized from Jeffery Watson on June 5, 2019 in Swain County, North Carolina; and

2) 255 Sherrill Road, Bryson City, North Carolina, as described in a document at Book 196, Pages 217-219 in the office of the Register of Deeds for Swain County, North Carolina, being real property, together with the residence, and all appurtenances, improvements, and attachments thereon.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency and Defendant Property is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Currency and Defendant Property as provided by law.

**IT IS SO ORDERED.**

Signed: May 11, 2020

Martin Reidinger
United States District Judge